

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Puspitaningsih v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Puspitaningsih v. Atty Gen USA" (2008). *2008 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1802
_____

FNU PUSPITANINGSIH;
YAHYA GUNAWAN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(Agency Nos. A96-263-968; A96-263-969)
Immigration Judge: Charles M. Honeyman

_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2008

_____

Before: BARRY and STAPLETON, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>
(Filed:  October 15, 2008 )

_____

OPINION
_____

RESTANI, <u>Judge</u>

     Petitioners Fnu Puspitaningsih and Yahya Gunawan seek review of the order of the

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

Board of Immigration Appeals ("BIA") affirming the order of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), but granting them voluntary departure. We will deny the petition.

Petitioners Gunawan, an ethnically half-Chinese Christian, and Puspitaningsih, a Javanese Christian, are husband and wife and citizens of Indonesia. They entered the United States as non-immigrant visitors, with Puspitaningsih arriving in June 2001, with authorization until December 2001, and Gunawan arriving in February 2001, with authorization until August 2001. Removal proceedings were commenced in June 2003, as Petitioners remained beyond their authorization date. Puspitaningsih applied for asylum in March 2003, and Gunawan filed a defensive asylum application in February 2004.

Petitioners conceded their removability before the IJ, who conducted a hearing on their application in December 2005. Petitioners alleged that while living in Indonesia, they had been subject to harassment and discrimination during their youth and had their family store burned down during the 1998 riots. Puspitaningsih had problems attending church and was once hit with a rock and knocked unconscious outside of church, and Gunawan suffered a beating during a fasting season when he brought water and food to school and was threatened concerning prayer services in his home. Petitioners fear that past incidents will reoccur upon their return to Indonesia and are concerned that church

bombings and church closings will prevent them from peaceful worship. In support of their claims, Petitioners offered the U.S. State Department's 2004 Country Report and International Religious Freedom Report for Indonesia, as well as other newspaper articles and materials concerning the social and religious situation in Indonesia.

The IJ denied Petitioners' claims for relief. The IJ determined that Petitioners' asylum applications were time-barred[1] and that on the merits, Petitioners had conceded there was no past persecution and had failed to demonstrate a fear of future persecution. With respect to Petitioners' withholding claim, the IJ noted that Petitioners were "seeking a good faith modification of existing law" concerning their argument that there is a pattern and practice of persecution of Chinese Christians in Indonesia. The IJ found Petitioners credible but determined that prior case law had found violence in Indonesia not sufficiently widespread as to constitute a pattern or practice of persecuting Chinese Christians and concluded that there was no evidence that Petitioners would be detained or tortured by the Indonesian government or someone working with the government's agreement or encouragement.

The BIA affirmed the IJ's decision in an order dated March 8, 2007. The BIA agreed that Petitioners' experiences did not rise to the level of past persecution and that the evidence presented failed to demonstrate that it was more likely than not that

---

[1] Petitioners did not challenge the IJ's dismissal of their asylum application before the BIA and therefore it is not before us.

Petitioners would be singled out for persecution or that their life or freedom would be threatened upon return. The BIA found that the specific events complained of by Petitioners were remote, isolated events and that there was no indication that Petitioners were specifically targeted in the 1998 riots, especially as they lived in Indonesia for more than two years afterwards and their Christian family members have continued to live in Indonesia without meeting harm. The BIA acknowledged the mixed commentary from the country reports regarding the religious strife in Indonesia, but found this did not change the fact that Petitioners and their family had never been persecuted or tortured.

We have jurisdiction to review the order of the BIA under 8 U.S.C. § 1252(a)(1). Where the BIA renders its own decision, we review the finding under the substantial evidence standard. Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007) (citations omitted).

On appeal, Petitioners' only argument is that the record demonstrates that there is a pattern or practice of persecution against Chinese Christians living in Indonesia sufficient to establish a threat to their life or freedom for their withholding of removal claim.[2] See INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(2). The BIA properly dismissed this argument, finding insufficient evidence of persecution and relying on In re A-M-, 23 I. & N. Dec. 737 (B.I.A. 2005), and Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), which found that pre-2003 media and country reports were insufficient to

_____

[2] Petitioners do not challenge the BIA's denial of their claim under the CAT.

4

establish a pattern or practice of persecution in Indonesia. Similarly, we recently found in Wong v. Attorney General, 539 F.3d 225, 233–34 (3d Cir. 2008), that the 2003 and 2004 State Department Reports do not establish a pattern of persecution of Chinese Christians in Indonesia. Petitioners concede that the issues raised in Wong are substantially similar to the issues raised here and do not contest its application to the facts and circumstances of the present case.

The BIA's decision was therefore supported by substantial evidence and we will deny Petitioners' petition for review.